UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
HERMES SUAREZ GUERRERO,                         :
:
                          Petitioner,   :
:          23-CV-702 (VSB)
     - against -                          :
:          **OPINION & ORDER**
:
F.C.I. OTISVILLE WARDEN,                        :
:
                         Respondent.  :
:
------------------------------------------------------------X

Appearances:

Hermes Suarez Guerrero
*Pro Se Petitioner*

Mary Ellen Brennan
U.S. Attorney's Office, Southern District of New York
New York, New York
*Counsel for Respondent*

VERNON S. BRODERICK, United States District Judge:

    **I.**       **Background and Procedural History**

On January 24, 2023, Petitioner Hermes Suarez Guerrero ("Petitioner"), a federal prisoner being held at the Federal Correctional Institution in Otisville, New York ("FCI Otisville"), filed a petition pursuant to 28 U.S.C. § 2241, stating that the Bureau of Prisons ("BOP") improperly refused to award him time credits under the First Step Act ("FSA"). ("Petition," Doc. 1 at 2, 6.) Petitioner requested that I direct the BOP to grant him a sentence reduction by granting him time credits. (*Id*. at 12.) After the filing of the Petition, due to a change in BOP policy, Petitioner was awarded time credits under the FSA, and was released from FCI Otisville on May 22, 2023. (Doc. 11 ¶¶ 5–6.) While in BOP custody, Petitioner was

subject to a detainer lodged in November 2018 by U.S. Immigration and Customs Enforcement ("ICE"). (Doc. 11 ¶ 4.) Subsequent to Petitioner's release from FCI Otisville, he was detained by ICE and on June 30, 2023, Petitioner was removed from the United States. (Doc. 20.)

## II.     Applicable Law

"In order to satisfy the case-or-controversy requirement, a party must, at all stages of the litigation, have an actual injury which is likely to be redressed by a favorable judicial decision." *United States v. Blackburn*, 461 F.3d 259, 261 (2d Cir. 2006) (internal quotation marks omitted). A case becomes moot when "the relief sought can no longer be given or is no longer needed." *Martin-Trigona v. Shiff*, 702 F.2d 380, 386 (2d Cir. 1983). Once a case becomes moot, a federal court no longer has subject-matter jurisdiction over the action, *Fox v. Bd. of Trs. of State Univ. of N.Y.*, 42 F.3d 135, 140 (2d Cir. 1994), and the court "must dismiss the case," *Blackburn*, 461 F.3d at 261.

## III.    Application

Because Petitioner has received all of the relief that he seeks in his Petition, his Petition is moot, and I do not have subject-matter jurisdiction over the action. *See Thompson v. Choinski*, 525 F.3d 205, 209 (2d Cir. 2008) (dismissing a petitioner's habeas challenge to the conditions of his confinement as moot because he was no longer imprisoned); *Baez v. Tellez*, No. 21-CV-04760 (DC), 2023 WL 2020962, at *2 (E.D.N.Y. Feb. 15, 2023) (dismissing habeas petition because petitioner was released and therefore "already received the relief he requested"). Accordingly, the Petition is DENIED as moot.

## IV.     Conclusion

The Petition is hereby DISMISSED. Because the Petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. §

2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to enter judgment and close this case.

SO ORDERED.

Dated: July 14, 2023
      New York, New York

                                      Vernon S. Broderick
                                      United States District Judge